JAMES S. LUDDINGTON *vs.* NATHAN B. GOODNOW.

Suffolk. March 4, 5, 1897. — March 31, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Conversion — Evidence — Right of Possession — Action — Allowance of Amendment increasing Ad Damnum in Writ.*

In an action for the conversion of certain chattels which had belonged to A. and B. as copartners, the plaintiff claimed under a sale by B. of his half to A., and a later sale of the whole by A. to the plaintiff. It appeared that A. and B., upon dissolving the partnership, executed an instrument under seal, by which B. agreed that he would "not take or claim any part, share, or interest in said

business, or interfere in any way therewith." *Held*, that evidence was admissible to show that, after the instrument was executed, A. noticed that the chattels in question were not mentioned, and spoke about it in the office of the lawyer who drew the instrument; that B. said they would have no more trouble about it; and that both agreed that there was no need of drawing the instrument over again.

A., who had bought of B. certain chattels situated in a building leased of C., took possession of them, and then let them to B. at a monthly rent, with a right to repurchase. Later B. notified A. that he was not in possession of the building. A. thereupon went to the building, which was closed, saw C. at the door, and demanded the property. C. replied that all property there belonged to B., and that he held it for unpaid rent, and advised A. to consult a lawyer. *Held*, in an action by A. against C. for conversion of the property, that the judge properly refused to rule that A. had not made out a case.

Under Pub. Sts. c. 167, § 42, it is within the power of a justice of the Superior Court, who has assessed the damages in an action for the conversion of chattels at $1,200, to allow an amendment by increasing the *ad damnum* in the writ from $1,000 to $1,500.

TORT, for the conversion of certain personal property. Trial in the Superior Court, without a jury, before *Bond*, J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. F. Kilton*, for the defendant.

*J. H. Blanchard*, for the plaintiff.

HOLMES, J. This is an action for the conversion of certain chattels in and about the Grand Opera House in Boston. The chattels had belonged to Mansfield and Magee, copartners and lessees of the Grand Opera House. The plaintiff claimed under a sale by Magee of his half to Mansfield, and a later sale of the whole by Mansfield to the plaintiff. Mansfield surrendered the lease to the defendant, and the defendant took possession of the theatre and the property. The case was tried before a judge without a jury, and he found for the plaintiff, subject to three exceptions, which are to be considered.

1. The first concerns the purchase by Mansfield from Magee. By an instrument under seal, executed by them upon dissolving the partnership, Magee agreed that he would "not take or claim any part, share, or interest in said business, or interfere in any way therewith." Testimony was admitted under exception, that, after the instrument was executed, Mansfield noticed that the property in question was not mentioned, and spoke about it in the office of the lawyer who drew the instrument; that Magee said they would have no more trouble about it, and that both agreed that

there was no need of drawing the instrument over again. It is objected that this was an attempt to modify the specialty by contemporaneous talk. But the testimony warranted a finding that the oral agreement was subsequent to the execution of the paper, and if the paper did not cover the property, operated by way of gift, followed as it was by possession, or of sale in consideration of Mansfield's abandoning a claim to have the instrument modified, and therefore the evidence properly was let in.

2. The next exception is to a refusal to rule that the plaintiff had not made out a case. The particulars relied on concern the plaintiff's present right of possession, and the conversion by the defendant. The plaintiff, after the sale by Mansfield to him, took possession, and then took from Mansfield an instrument by which the latter purported to hire the property at a monthly rent for a year, with a right to repurchase for seven hundred dollars. Later, Mansfield notified the plaintiff that he was not in possession of the Grand Opera House. This fairly might be found to import what no doubt it meant, a surrender to the plaintiff of Mansfield's rights under the lease. *Hardy* v. *Reed*, 6 Cush. 252. The plaintiff thereupon went to the theatre, which was closed, saw the defendant at the door, and demanded his property. The defendant seems to have answered somewhat ambiguously, but there was evidence that he said that all property there belonged to Mansfield, and that he held it for unpaid rent. It is a fair inference that, although he tried to avoid an up and down refusal and advised the plaintiff to consult a lawyer, he did refuse, in substance, to give up the goods, and asserted an adverse title of his own. The ruling asked properly was refused.

3. The judge assessed the damages at over twelve hundred dollars. This was more than the *ad damnum* in the writ, which was one thousand dollars. Thereupon the plaintiff moved to amend his *ad damnum* to fifteen hundred dollars, and this was allowed, subject to the exception and appeal of the defendant. The allowance was within the power of the judge. Pub. Sts. c. 167, § 42. *Ellis* v. *Ridgway*, 1 Allen, 501. The matter at issue was not determined by the *ad damnum*, which necessarily was conjectural, but by the allegation and denial that the defendant had converted certain chattels to his own use.

*Exceptions overruled.*