RHODE ISLAND HOSPITAL TRUST Co., Admr. *c. t. a. vs.* ARTHUR A. SHERMAN.

MARCH 29, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action in assumpsit on common counts. It appears that Ella F. Sherman, deceased, who was named residuary legatee and executrix under the will of her husband, Adin R. Sherman, gave to her son, the defendant herein, certain bank books and other assets formerly of the estate. The plaintiff, as administrator *d.b.n.c. t.a.* of said estate, is seeking to recover the proceeds of said books and assets for the benefit of the estate. At the conclusion of the trial in the Superior Court the trial justice directed the jury to return a verdict for the defendant and the case is before us on plaintiff's exception to this ruling.

Adin R. Sherman of Glocester, Rhode Island, died on January 26, 1924, leaving by his will sundry small bequests to his children and the residue of the estate, subject to the payments of debts and legacies, to his wife, Ella F. Sherman, who was appointed executrix and who paid promptly the testator's debts. After the probate of the will, Mrs. Sherman gave to her son Arthur bankbooks and written orders to banks transferring to his possession property to the value of $16,458.80 formerly belonging to her husband. In May 1926, through the condition of her health and at the request of the conservator of her estate, the Rhode Island Hospital Trust Co. was appointed administrator *d.b.n.c.t.a.* of the estate of Adin R. Sherman. Mrs. Sherman died on February 1, 1927, and the Rhode Island Hospital Trust Co. was appointed administrator *d.b.n.c.t.a.* of her estate.

After a previous hearing of the case, this court in its opinion (*R. I. Hospital Trust Co.* v. *Sherman*, 52 R. I. 207) said: "It seems to be clear however that the primary purpose of this action is not to administer the estate of Adin R. Sherman but rather to secure the return to the estate of Ella F. Sherman of the gifts made to defendant. . . . The only defect in the action of the executrix was in her neglect of the statutory form of procedure. No injury has resulted therefrom to anyone interested in the estate. Such being the case, the action of Mrs. Sherman, which in effect was the transfer of a part of the personalty to her own estate

and the use of it as her own, was not illegal." After sustaining defendant's exception to the direction of the verdict against him, this court directed the plaintiff, if it saw fit, to appear before the court and show cause why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant. In response to such direction counsel for plaintiff appeared and urged that judgment should not be so entered as defendant might raise a question of *res judicata* when the case of *R. I. Hospital Trust Co., Admr.* (of the estate of Ella F. Sherman) v. *Arthur A. Sherman* was tried to test the validity of the gift by Ella F. Sherman to Arthur A. Sherman. To enable plaintiff's counsel to proceed without prejudice to the trial of that case, the instant case was remitted to the Superior Court for a new trial. Instead of availing himself of the opportunity thus created to move for a speedy trial of the administrator's case in behalf of the estate of Ella F. Sherman, and—if necessary—to object to an assignment of the instant case prior to that trial, counsel for plaintiff proceeded to the trial of the instant case upon substantially the same evidence as in the previous trial.

Having found in our previous opinion that the evidence justified Ella F. Sherman in taking possession of the bequest to herself, this finding concluded the right of the administrator of the estate of Adin R. Sherman to this bequest and rendered it unnecessary for this court to pass upon the validity of her gift to the defendant. As the evidence in the present trial is substantially the same as that in the previous trial, the court below properly directed a verdict for the defendant.

The plaintiff's exception is overruled. The case is ordered remitted to the Superior Court for the entry of judgment on the verdict.

*Tillinghast & Collins, Harold E. Staples,* for plaintiff.

*Henry M. Boss, Jr.,* for defendant.