RHODE ISLAND HOSPITAL TRUST COMPANY, *Admr. c. t. a. vs.* ARTHUR A. SHERMAN.

JUNE 26, 1936.

PRESENT: Flynn, C. J., Moss, Baker, and Condon, JJ.

356

Moss, J.   This is an action of assumpsit, brought by the plaintiff, as administrator, *c. t. a.*, of the estate of Ella F. Sherman, to recover from the defendant, a son of the

testatrix, certain funds, held by him or under his control, which had belonged to her and which he claims were given to him by her in her lifetime. The plaintiff claims that she was both physically sick and weak and mentally weak and incompetent at the time of the alleged gifts and that he obtained the funds from her by means of undue influence, with the intent of defrauding her.

The action was tried before a justice of the superior court and a jury. At the end of the trial the jury returned a special finding to the effect that he had thus obtained the funds and a general verdict for the plaintiff for $26,296.73, which was composed of $17,431.55 principal and the interest thereon to the date of the verdict. As the damages laid in the writ were only $25,000, the plaintiff filed a motion for leave to increase the *ad damnum* to $30,000. This motion was denied by the trial justice, solely on the ground that he had no power to grant it, and he also denied a motion for a new trial, which the defendant had filed on the grounds that the verdict was contrary to the law; "that it and the above special finding were contrary to the evidence and the weight thereof; and that the amount of the verdict was in excess of the *ad damnum*."

The case is now before this court on bills of exceptions filed by the respective parties, that of the plaintiff stating only its exception to the denial of its above-mentioned motion, while that of the defendant sets forth exceptions to the denial of his motion for the direction of a verdict in his favor, to the denial of his motion for a new trial, to the denial of certain requests by him for special instructions to the jury, to certain portions of the charge as given, and seventy-eight other exceptions, nearly all of them being to rulings as to the admission of evidence. Many of the defendant's exceptions have not been pressed in this court.

With the exception of a savings bank deposit of $817, which belonged to the testatrix and constituted savings by her, all the funds in dispute were derived from bank deposits, a Liberty bond for $500, a promissory note in the face

amount of $540.14 and some real estate sold, all of which personal and real estate had belonged to her husband, Adin R. Sherman, and which were bequeathed and devised to her by his will. In this she was named as executrix and it was duly probated and she was qualified as executrix, a short time after his death and a few months before she made the alleged gifts to the defendant. The real estate was sold by her and the proceeds of its sale were deposited to her credit in a bank. The note was collected in full and the sum paid on it was deposited by the defendant to his credit in a bank.

Before the making of any of the alleged gifts, she as executrix had paid all her husband's debts and funeral expenses, all testamentary gifts to others than herself, and all other charges against the estate except some small amounts for probate fees and taxes; but no inventory was filed until after the making of the gifts to the defendant. About ten days after her husband's death she went to live with the defendant and his family, where she remained, except for a few very short visits to her daughter, until about a year after the last of the gifts, when she went to live as a lodger and boarder at the home of a Mrs. Saunders, an old friend of hers. Until her death from arteriosclerosis, about a year and nine months later, she continued to live there.

During this last period she was quite feeble, physically and mentally, and constantly growing worse. About four months after its beginning, on a petition filed by her, a neighbor and old friend of hers was appointed conservator of her property and estate and took charge of her affairs. In her petition she described herself as a person who, by reason of advanced age and mental weakness, had become incapacitated to properly care for her property. According to his testimony in this case, she asked him to obtain from the defendant her bank books and some articles of personal property, all of which accounts and articles the defendant claimed as gifts from her, but which she denied having

knowingly given him. She was unable to give the conservator any considerable information as to the bank accounts and it was only by resorting to legal proceedings against the defendant in the probate court and inquiries made of different banks that he was able to find out what they were. Before anything had been obtained from the defendant except a few articles of small value, the probate court removed the testatrix as executrix of her husband's will, on account of her incapacity to act as such, and appointed the Rhode Island Hospital Trust Company as administrator, *d. b. n. c. t. a.*, of his estate, the administration of which had not been formally closed, and it qualified as such administrator.

A little later the testatrix died, leaving a will duly admitted to probate by the probate court by a decree from which an appeal was taken and apparently is still pending in the superior court. The person named in this will as executor declined to qualify as such, and the same trust company was appointed by the probate court as administrator, *c. t. a.*, of the estate.

The trust company, as administrator, *d. b. n. c. t. a.*, of the estate of Adin R. Sherman, claimed as assets of that estate the bank accounts above mentioned which were under the control of the defendant. Being unable to get them, it filed on March 12, 1930, an action of assumpsit against him in the superior court to recover the amount of these bank accounts. The declaration was in four counts. In the first three the funds in question were alleged to be unadministered assets of the estate of Adin R. Sherman, which the defendant was holding for his own use and had refused to deliver to Ella F. Sherman as executrix of the will of Adin R. Sherman or to the plaintiff as administrator, *d. b. n. c. t. a.*, of his estate.

The gist of the first two counts was, in substance, that the defendant had requested, demanded and received from her as executrix the above-mentioned promissory note and orders for the payment of the bank accounts of the estate,

amounting to $17,045.59, and in consideration thereof promised to obtain the money for the note and bank accounts and to deliver it to her for the purposes of the administration of the estate, and did obtain the money but refused to deliver it as promised and kept it for his own use. The gist of the third count was much the same except that there were added allegations that Ella F. Sherman "was in poor health, ill and unable to understand and attend to the necessary duties and obligations of her office as executrix and was able to be easily influenced and persuaded against her better judgment and to do that which she should not have done, all of which was well known to the defendant herein, thereupon the defendant did unduly and unlawfully influence the said Ella F. Sherman and with intent to defraud the said estate did demand" *etc.;* and that she was incompetent to do what she did and he took advantage of her condition. The fourth count was in general assumpsit, alleging an indebtedness of $25,000 by the defendant to the plaintiff, as administrator, for money lent, money received and for interest thereon.

On April 11, 1930, the plaintiff, as administrator, *c. t. a.,* of the estate of Ella F. Sherman, filed the writ and declaration in the instant case to recover the amount of the same bank accounts as a part of *her* estate. The declaration is in three counts, the first being substantially the same as the first two in the former case, and the second and third being substantially the same respectively as the third and fourth in the former case, *mutatis mutandis* in each count by reason of the facts that in the later case the plaintiff is administrator of the estate of Ella F. Sherman, that the note and the original bank accounts are alleged to have belonged to her, and that she is alleged to have acted individually and not as executrix of her husband's will. The damages in the writ and declaration are laid at $25,000.

The first trial of the former case, in the superior court, resulted in a directed verdict for the plaintiff for $22,981.94. After a hearing in this court on the defendant's bill of

exceptions, his exceptions to the direction of a verdict for the plaintiff and to the refusal of the trial justice to direct a verdict for him were sustained on the ground that the evidence showed clearly that the estate of Adin R. Sherman had been substantially fully administered by Ella F. Sherman as executrix; that she was entitled to take, and had taken as her own, the personalty in dispute, and had the right, and under the will the power, to give it to her son; and that the primary purpose of the action was not "to administer the estate of Adin R. Sherman but rather to secure the return to the estate of Ella F. Sherman of the gifts made to defendant." *Rhode Island Hospital Trust Co.* v. *Sherman,* 52 R. I. 207, 159 A. 740.

After a hearing under an order giving the plaintiff an opportunity to show cause why the case should not be remitted to the superior court with a direction to enter judgment for the defendant, this court remitted the case to the superior court for a new trial.

A second trial of that case resulted in a directed verdict for the defendant, which was sustained by this court on the same ground on which it had previously sustained the defendant's exceptions taken at the first trial. That case was then remitted to the superior court for the entry of judgment for the defendant upon the verdict. *Rhode Island Hospital Trust Co.* v. *Sherman,* 53 R. I. 215, 165 A. 435. Afterwards the instant case was tried in the superior court and the trial resulted, as above stated, in a verdict for the plaintiff.

The defendant contends, upon a large number of his exceptions, that the trial justice erred in admitting in evidence, or in refusing to strike out, testimony of declarations of Ella F. Sherman. These declarations were all testified to by witnesses who testified that they were made by her to them. Some of them were admissible at common law as throwing light on the condition of her mind and on her attitude toward the defendant and on the question of his dominance over her, not long after the time of the alleged gifts by her to him.

The other declarations were in our judgment properly admissible by the trial justice, under the statute, because they satisfied the two necessary conditions, first, that they would have been admissible, as relevant and material testimony to matters within her personal knowledge, if they had been made by her under oath as a witness in the case, and, second, that according to the testimony they were made before the commencement of this action and apparently in good faith. The relevant section, G. L. 1923, chap. 342, sec. 57, as added to that chapter by P. L. 1927, chap. 1048, section 1, is as follows: "Sec. 57. A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

The proper application of this statute has been determined by this court in *Bradley* v. *Quinn*, 53 R. I. 108, and *Caswell* v. *Bathrick*, 53 R. I. 114 The difficulty of proving undue influence, in most cases, is a good reason why evidence with regard to it should be admitted with all reasonable liberality in the exercise of the sound discretion of the trial justice. *Huebel* v. *Baldwin*, 45 R. I. 40, 44; *Caldarone* v. *Caldarone*, 48 R. I. 163, 165; *Moran* v. *Moran*, 52 R. I. 291, 294; *Letts* v. *Holgate*, 53 R. I. 198, 200. We do not find that in the instant case there was any abuse of discretion by the trial justice in admitting or in refusing to strike out, testimony of declarations made by Ella F. Sherman.

The defendant contends that the trial justice erred in permitting the testimony of George H. Raymond, given in one of the trials of the former case, above mentioned, brought by the Rhode Island Hospital Trust Company, as administrator, *d. b. n. c. t. a.*, of the estate of Adin R. Sherman, against the defendant in the instant case, the witness having meantime died. The contention is based on the assertions that "the issue in the former case was that of the power of Ella F. Sherman to take possession of a bequest to herself from the testator," meaning Adin R. Sherman, and that

"the question of the validity of the gift from Ella F. Sherman was not an issue."

We are unable to agree with these assertions. It is clear from the opinions of this court in the former case, as reported in 52 R. I. 207 and 53 R. I. 215, that one of the issues in that case, being the issue which this court found to be decisive of that case, was whether, at the time of the gifts to Arthur A. Sherman, Ella F. Sherman had so nearly and substantially completed the administration of her husband's estate that she had the power, as residuary legatee under his will, to use as her own the personal property which was the subject of the gifts. This court held in its first opinion that she had, and that her action, "which in effect was the transfer of a part of the personalty to her own estate and the use of it as her own, was not illegal." But it remitted the case to the superior court for a new trial; and when the case came again before this court on the plaintiff's exception to the direction of a verdict for the defendant at the second trial, this court gave the following reason for overruling the exception and ordering judgment entered on the verdict: "Having found in our previous opinion that the evidence justified Ella F. Sherman in taking possession of the bequest to herself, this finding concluded the right of the administrator of the estate of Adin R. Sherman to this bequest and rendered it unnecessary for this court to pass upon the validity of her gift to the defendant. As the evidence in the present trial is substantially the same as that in the previous trial, the court below properly directed a verdict for the defendant."

From this language it is clear that the final ground upon which this court decided the former case against the plaintiff therein was that if the gifts upon which the defendant relied were invalid the bank accounts in question were recoverable, not as assets of the estate of Adin R. Sherman, but as assets of the estate of Ella F. Sherman, and that hence the plaintiff in that case could not as administrator of the former estate maintain his action therein; and it is also clear

therefrom that the issue of the validity of the gifts was presented in that case but was not decided, because this court found the decision of that issue to be unnecessary for the determination of that case.

That such issue was presented in that case is further shown by the declaration therein, a summary of which was set forth *supra*, and which, as shown by the transcript in the instant case, was made by the parties a part of the record in the instant case. Moreover the very testimony which was read to the jury in this case from the transcript of the testimony given in the former case shows that much of the testimony in that case was taken on that very issue and on other issues of fact involved in both cases. It also shows that the counsel who represented the defendant in both cases had full opportunity to cross-examine the witnesses on all those issues and availed himself thereof. The plaintiff in each case was the same corporation, and, though it acted in different capacities, it represented in both cases the same ultimate beneficiaries.

Therefore, all the conditions which have been held by this court to be necessary and sufficient to make admissible in a later case the testimony given by a witness in an earlier case, as shown by the transcript therein, were present as to the testimony in question. *Kolodrianski* v. *American Locomotive Works*, 29 R. I. 127; *Lyon* v. *Rhode Island Company*, 38 R. I. 252. The reasoning and conclusions, on this point, set forth in the opinions in those cases, we believe to be sound and supported by the great weight of authority elsewhere. We find that the ruling of the trial justice in the instant case admitting this evidence was not erroneous.

The same reasoning applies to the defendant's exception to the admission in evidence of the testimony, as given in the former case of Isabelle Sherman, who was unable on account of illness to testify in the instant case; and a similar finding is made. The defendant waived any objection based on the fact that her not testifying in the instant case was due to illness instead of death.

The defendant contends that the trial justice erred in admitting the testimony of a grandson of Ella F. Sherman that very soon after she had given him and his wife permission to live on the farm where she and her husband had made their home, and the witness and his wife had gone there to live, the defendant came to this farm and asked what they were doing there, and that when the witness said that they were living there with his grandmother's permission, the defendant grabbed a pitchfork and threatened to run it through the witness and kill him. In our judgment this testimony was admissible as tending to prove that the defendant was of a domineering character and unwilling to recognize even his mother's permission to her grandson to occupy temporarily her own homestead.

The defendant contends that the trial justice erred in telling the jury, in substance, that the former case against the defendant was not adjudicated on the issues presented in the instant case, but on the ground that the administrator of the estate of Ella F. Sherman was the proper party to bring such an action against the defendant, and not the administrator of the estate of Adin R. Sherman; and that the instant case had not been adjudicated as between Arthur A. Sherman and the estate of Ella F. Sherman, but was being tried *de novo*. In accordance with what we have said in an earlier part of this opinion, we agree substantially with these statements by the trial justice and do not see how they could have misled the jury.

The defendant contends that the trial justice erred in refusing to direct a verdict for him on the ground that there was no testimony of any probative force to support a verdict for the plaintiff, and contends also that the above special finding of the jury was contrary to the evidence. It is established that his mother did in fact deliver to him the promissory note above mentioned and the bank books representing the bank deposits and signed for him orders that he had drawn for the payment to him or his order of all these deposits, and that this was done while she was living

at his home. He testified that she told him that she was giving to him this note and all the bank accounts, as she wanted him to have them then, instead of waiting until her death. There was not much corroboration of this testimony and, if it was true, she then gave away practically all her means of support, except assets valued at about $1,400 and the old farm, which was apparently of no great value, while the whole amount of the alleged gifts aggregated more than $17,000.

In favor of the plaintiff there was much evidence from a good many witnesses that she afterwards repeatedly denied that she had given to him any of the bank accounts or the proceeds of the note, and stated that she had signed whatever he asked her to sign without knowing what she had signed. There was also much credible evidence which, if believed, showed that at the time of the alleged gifts she was very feeble in both body and mind and very susceptible to the influence of others and was letting him handle nearly all her affairs, and that she was well disposed to her daughter and the children of her deceased son. There was also other evidence to support a finding of undue influence by the defendant and some in support of a finding that she was mentally incompetent to make the alleged gifts.

It is true that there was also considerable evidence to the contrary on both these issues, but we find that there was clearly sufficient evidence to support the special finding of the jury that the defendant did "unduly influence Ella F. Sherman and with intent to defraud her, demand and receive from her orders for the payment of sums of money deposited in banks and a certain promissory note, which said orders and note the said Ella F. Sherman was incompetent to draw, transfer and deliver to the defendant, as alleged in the second count of the declaration," and to support the general verdict which the jury returned in favor of the plaintiff. We find, therefore, that the trial justice did not err in refusing to direct the jury to return a verdict for the defendant.

We do not find from an examination and consideration of the charge to the jury that there is any basis for the defendant's contention that the trial justice therein unduly emphasized the plaintiff's case.

This leaves for our consideration only one other contention made by the defendant before us in support of his bill of exceptions, his exceptions not supported in either brief or argument being deemed to be abandoned. This other contention is that, since the amount of the verdict was in excess of the *ad damnum* in the plaintiff's original writ, it was the duty of the trial justice to order a new trial or require a remittitur of the excess. This contention should be considered in connection with the plaintiff's sole exception set forth in its bill of exceptions, *viz.*, to the denial by the trial justice of its motion for leave to increase the *ad damnum* from $25,000 to $30,000. As to this latter exception it should be kept in mind that the excess of the amount of the verdict above the *ad damnum*, such excess being $1,298.73, was wholly due to the accumulation of interest after the time when the action was brought; that at that time the amount of the *ad damnum* was apparently ample to cover any amount of later interest reasonably to be expected; and that the trial justice denied the plaintiff's motion solely because he believed that he had no power to grant such a motion after the return of a verdict and said that if he had such authority the motion should be granted, as the verdict was for the correct amount of damages.

It has been decided by this court, and in our judgment correctly, that it is not a ground for a new trial that a verdict has been returned for more than the *ad damnum;* and that a judgment cannot be entered in excess of the *ad damnum;* but that the matter can be adjusted by remitting the excess and entering judgment for the amount of the *ad damnum. Francis* v. *Baker*, 11 R. I. 103. In *J. P. Morgan & Co.* v. *Hall & Lyon Co.*, 83 A. 401, after the plaintiff's exceptions had been sustained by this court and the defendant had been given an opportunity to show cause why judgment

for the plaintiff should not be ordered, the plaintiff at the hearing thereunder filed a motion for leave to increase the *ad damnum* in its writ, because, as it then stood, it would not be sufficient to cover the amount of the judgment that could be entered, including interest. This court held that the case should be remitted to the superior court with direction to enter judgment for the plaintiff for an amount not exceeding the *ad damnum*, saying as to the above motion: "We do not think that such a motion should be entertained at this late stage of the proceedings, when the case is before us on exceptions." It is, then, still an open question in this state whether in such a case the matter can be adjusted by the superior court permitting the plaintiff, while the case is still in that court, to increase the *ad damnum* to an amount equal to or greater than the amount of the verdict.

The general power of the courts of Rhode Island to permit such a change seems to be covered by G. L. 1923, chap. 335, sec. 4, the last part of which reads: "and the court may at any time permit either of the parties to amend any defect in the process or pleadings, with or without terms, in the discretion of the court, or in pursuance of general rules." Amendment of a declaration, to make it conform with the evidence, has frequently been permitted after a verdict, where no injustice would be done; and this has been held proper by this court. *Spicers & Peckham* v. *Harvey*, 9 R. I. 582; *Prefontaine* v. *Roberge*, 20 R. I. 418; *Cleasby* v. *Reynolds*, 26 R. I. 236. Under a permissive statutory provision similar to the Rhode Island one above quoted, it has often been held by other courts that where a jury has returned a verdict, or a court sitting without a jury has rendered a decision, for the plaintiff for more than the amount of the *ad damnum* in the writ, especially where the excess is due to interest, the trial court may properly permit the plaintiff to increase the *ad damnum* to an amount in excess of the amount of the verdict or decision, if this would not work an injustice to the defendant or an innocent third person.

*Billingsley* v. *Dean,* 11 Ind. 331, 333; *Tomlinson* v. *Earnshaw,* 112 Ill. 311; *Luddington* v. *Goodnow,* 168 Mass. 223; *Laxton* v. *Hay,* 211 Mass. 463; *McClannahan* v. *Smith,* 76 Mo. 428, 430; *Theisen* v. *Pittsburgh Rys. Co.,* 256 Pa. 475, 100 A. 994. See also *Ashe* v. *DeRosset,* 53 N. C. 240.

In our judgment these cases lay down the correct doctrine and its application in the instant case would work no injustice. Hence we find that the trial justice erred in not granting the plaintiff's motion. It follows from this that he did not err in not granting the defendant a new trial on the ground that the verdict exceeded the *ad damnum.*

All the defendant's exceptions are overruled; the plaintiff's exception is sustained; and the case is remitted to the superior court with directions to permit the plaintiff to amend its original writ and declaration by increasing the amount of the *ad damnum* from $25,000 to $30,000 and, when such writ has been so amended, to enter judgment for the plaintiff upon the verdict as returned by the jury.

*Tillinghast & Collins, Harold E. Staples, Robert W. Hankins,* for plaintiff.

*Henry M. Boss, Jr.,* for defendant.