*Northern District*

6189

**WILLIAM P. KILEY, ET ALI**

v.

**CHARLES E. TURNER, ET AL**

*Present*: Connolly, J. (Presiding), Parker, *Durkin, JJ.

Case tried to *Troy, J.* in the Municipal Court of Dorchester District No. 9232 of 1964.

*Durkin, J.* This is an action of tort in which three plaintiffs seek to recover damages for injuries arising out of an automobile accident in which the *ad damnum* was in the amount of $3,000.00.

After the close of evidence, both sides having rested, plaintiff's counsel moved to increase the *ad damnum* to $15,000.00. The motion was allowed over the objection of the defendants. The defendants then moved to

reopen the evidence and this motion was denied.

The defendants submitted the following requests for rulings:

1. The granting of the plaintiffs' motion to increase the ad damuum from $3,000 to $15,000 in the above case after the close of evidence was an abuse of discretion of the court.

2. The granting of the plaintiffs' motion to increase the ad damnum from $3,000 to $15,000 after the evidence was closed was incorrect as a matter of law.

3. The denial of the defendants' motion to reopen the evidence after the allowance of the plaintiffs' motion to increase the ad damnum from $3,000 to $15,000 was an abuse of discretion of this court.

4. The denial of the defendants' motion to reopen the evidence after the allowance of the plaintiffs' motion to increase the ad damnum from $3,000 to $15,000 was incorrect as a matter of law.

The defendants' requests for rulings were all denied by the court and damages were assessed in the following amounts:

| Counts 3 and 4 | $3,650.00 |
| Counts 5 and 6 | 875.00 |
| Counts 7 and 8 | 55.00 |
| Counts 9 and 10 | 650.00 |
| Counts 11 and 12 | 30.00 |

The defendants claim to be aggrieved by the denial of their requests for rulings.

Request #2 challenges as a matter of law the action of the presiding judge in granting the plaintiffs' motion to increase the *ad damnum* in their writ.

■ The power of the court to allow amendments was long ago extended and broadened by statute. In its present broad form, G. L. (Ter. Ed.) c. 231, §51, provides that

"the court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defense."

The statute conferring power of amendment on the courts has been broadly interpreted. *Maker v. Bouthier,* 242 Mass. 20, 23; *Robinson v. Trustees of NY, NH & H RR,* 318 Mass. 121, 123; *Green v. Horton,* 326 Mass. 503.

■ In *Luddington v. Goodnow,* 168 Mass. 223, it was held that under the predecessor statute the trial judge had power to allow a motion to increase the *ad damnum* after assessment of damages at an amount greater than the *ad damnum* in the writ. So also in *Ellis v. Ridgway,* 1 Allen 501.

■ In *Sullivan v. Jordan,* 310 Mass. 12, 16, where the finding for the plaintiff exceeded the *ad damnum* in his writ, it was stated that the judgment in excess was not void but voidable and that the defect could

easily have been corrected by an amendment to the writ increasing the *ad damnum*. See also *Laxton v. Hay,* 211 Mass. 463, and *Neszery v. Beard,* 226 Mass. 332, 334.

There can, as to this matter of practice, be no doubt of the power of the judge of the District Court, which he exercised, in allowing the plaintiffs' motion to increase their *ad damnum,* and Request No. 2 was properly denied.

■ The same broad power set forth in G.L. c. 231, §51, permitted the judge either to allow or to deny the defendants' motion to reopen the evidence. See *Kerr v. Palmieri,* 325 Mass. 554, 557, paragraph 2. Request No. 4 was therefore properly denied.

Requests Nos. 1 and 3 challenge the allowance of the motion to increase the *ad damnum* and also the denial of the motion to reopen the evidence as abuses of discretion.

It is a firmly established principle in our practice that whether an amendment will be allowed or denied is a matter which rests in the sound discretion of the court and that the decision of a judge on such a matter can be reversed only by determination that there was an improper exercise of his discretion. See: *Wyatt v. Boston Consolidated Gas Co.,* 319 Mass. 251, 252 and *Foster v. Shubert Holding Co.,* 316 Mass. 470, 477.

Although the issue is raised more commonly in matters involving motions for new trial and sometimes involving the ground of excessive or inadequate damages, the language

used by the court in such cases is pertinent.

In *Bartley v. Phillips,* 317 Mass. 35, 42, it was stated that "appellate review is ordinarily limited to questions of law. There can be no such review of a question of fact or discretion." And at page 43, the court defines "abuse of discretion" as judicial action, "that no conscientious judge, acting intelligently, could honestly have taken". And further, at page 44, "Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised. . . . The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to error of law". See also *Moran v. Pieroni, Inc.,* 326 Mass. 516, 517, 518.

"Amendment to a declaration often has been allowed after verdict, finding or decision in order to make the statement of the cause of action conform to the evidence upon which the case was tried and the ground on which it was decided, provided there has been a full and fair trial of the issues thus raised by the amendment." *Cutter v. Arlington Construction Co.,* 268 Mass. 88, 92.

"Whether the motions to increase the *ad damnum* (in this case denied) should have been allowed, was a matter within the sound judicial discretion of the trial judge." *Bowman v. Newburyport* 310 Mass. 478, 483.

In an action at law an exercise of discre-

tion can be revised only when the matter "is so clear that discretion is superseded by imperative legal duty". *Desmond v. Boston El. Ry.,* 319 Mass. 13, 16.

The record discloses not the slightest hint of circumstances which could be held to indicate an abuse of discretion either in the allowance of the motion to increase the *ad damnum* or in the denial of the defendants' motion to reopen for further evidence.

The plaintiffs' motion for double costs is denied.

There being no prejudicial error, the report is dismissed.

W. Channing Beucler of Boston, for the Plaintiff.

Badger, Parrish, Sullivan and Frederick of Boston, for the Defendant.