RosE M. Porter *vs.* Boston Storage Warehouse Company.

Suffolk.    March 22, 1921. — April 6, 1921.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Practice, Civil*, Report, Entry of judgment.    *Rules of Court.    Judgment.    Superior Court.*

If, following an order of the Superior Court that an action therein pending after a verdict for the defendant should "stand" until the submission of a draft report, there were seventeen successive extensions of the time within which a draft report should be presented, extending over more than three and a half years, a draft report finally is presented more than a year after the expiration of the last of such extensions of time, the court has no jurisdiction under G. L. c. 231, § 111, and Rule 55 of the Superior Court (1915) to allow such a report or to report the case.

If, in an action of contract in the Superior Court, in which a verdict had been found for the defendant by order of the trial judge and the time for the filing of exceptions to such order had elapsed, a time was fixed by order of the judge within which a draft report should be presented to him, which time was extended several times, and no draft report was presented within the time so extended and no further extension of time was granted, the action automatically went to judgment under G. L. c. 235, § 1, and Rule 57 of the Superior Court (1915), although no actual entry to that effect was made by the clerk of the court.

Contract for a commission alleged to have been earned in procuring customers for the purchase of real estate of the defendant.    Writ dated December 14, 1912.

The plaintiff acted for herself in signing the declaration and entering the action.    Two counsel successively appeared for and

were discharged by her from that time until January 14, 1914, the action in the meantime being tried in the Superior Court before *Bell*, J., when, on June 11, 1913, a verdict was ordered for the defendant. After January 14, 1914, the plaintiff acted *pro se* until just before the filing of the report of the judge of the Superior Court, as stated below.

There were two extensions of the time for the filing of exceptions, the last extension expiring on January 12, 1914. Two days later the plaintiff moved that the case be reported to this court. On March 13, 1915, it was ordered that the case "stand until draft of report is submitted to *Bell*, J., which must be before June 1, 1915." There were seventeen successive extensions of the time for the presentation of a draft report, the last of which was made on September 28, 1918, and expired on February 15, 1919. On February 12, 1920, the plaintiff filed a "petition" that the time of filing a draft report be extended to April 1, 1920, and on June 11, 1920, a motion that *Bell*, J., allow a draft report. On July 2, 1920, the "plaintiff having presented a draft of a report," it was ordered that the case "stand until *Bell*, J., can give a hearing on the questions of making a report or accepting this draft. The time allowed not to extend beyond November 1, 1920." This time was extended twice, the final extension being to February 1, 1921. On January 20, 1921, the action was reported to this court by *Bell*, J., who stated therein: "The time for filing a draft report as fixed by the rules of the Superior Court expired before such report was filed. At the plaintiff's request after hearing, I have decided in my discretion to make this report. The docket entries are made a part of this report and may be referred to."

At the request of a judge of the Superior Court, a short time previous to the date when the report was filed, W. M. Noble, Esquire, for the first time acted in behalf of the plaintiff.

In this court the defendant moved that the report be dismissed.

G. L. c. 231, § 111, is as follows: "A justice of the Supreme Judicial, the Superior or the Land Court, after verdict, or after a finding of the facts by the court, may report the case for determination by the full court. If a justice of the Supreme Judicial or the Superior Court is of opinion that an interlocutory finding or order made by him ought to be determined by the full court

before any further proceedings in the trial court, he may report the case for that purpose and stay all f rther proceedings except such as are necessary to preserve the rights of the parties. A justice of the Supreme Judicial or the Superior Court may, upon request of the parties, in any case where there is agreement as to all the material facts, report the case to the full court for determination without making any decision thereon."

R. L. c. 177, § 1 (now G. L. c. 235, § 1), read as follows: "Judgments in civil actions and proceedings in the Supreme Judicial Court shall be entered on motion, unless the court by general or special order otherwise orders. Judgments in civil actions and proceedings in the Superior Court, which are ripe for judgment, shall, unless the court by general or special order otherwise orders, be entered by the clerk on the first Monday of each month, or on the next day thereafter if said Monday is a legal holiday, unless the party entitled thereto otherwise requests in writing."

Rules 55 and 57 of the Superior Court (1915) are as follows:

Rule 55: "Where a case is reserved for report, the counsel for the plaintiff shall present a draft report within twenty days thereafter, or within such further time as the court may by special order allow."

Rule 57: "In all counties, other than the county of Suffolk, at ten o'clock in the forenoon on the first Monday of every month, or on the next day thereafter when said Monday is a legal holiday, judgment shall be entered in all actions ripe for judgment, unless the court otherwise orders.

"In the county of Suffolk, judgment in civil actions and proceedings which are ripe for judgment shall be entered at ten o'clock in the forenoon on Monday of each week, or on the next day thereafter when said Monday is a legal holiday, unless the party entitled thereto otherwise requests or the court otherwise orders.

"When actions are brought against parties severally liable upon written contracts, and some of the defendants are defaulted and others appear, the clerk may enter judgment and issue execution against the parties defaulted as if they had been the sole defendants; and the case shall go forward against the parties appearing as in other contested cases.

"No action or proceeding shall be regarded as ripe for judg-

ment until the period for filing exceptions has expired if any exceptions have been noted, and upon defaults, until after four days from the default.

"For cause shown the court may order judgments to be entered at other times."

*W. M. Noble,* for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

RUGG, C. J.   A verdict was ordered for the defendant in this case on June 11, 1913.   Time for filing exceptions was extended until and including the second Monday in January, 1914, which was January 12.   On January 14, 1914, the plaintiff filed motion that the case be reported to the Supreme Judicial Court and March 13, 1915, it was ordered that the case stand for draft report to be submitted, which must be before June 1, 1915. *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148.   This time was extended by divers orders, the last extension expiring on February 15, 1919.   No draft report was presented and nothing further was done until February 12, 1920, when a petition was filed that the time for filing draft report be extended to April 1, 1920.   A draft report appears to have been filed on June 11 or July 2, 1920, and signed and allowed by the judge on January 20, 1921.   It is manifest that the delay between February 15, 1919, and the filing of the draft report on either June 11 or July 2, 1920, was in gross violation of Rule 55 (1915) of the Superior Court, which requires that, in a case reserved for report, a draft report be presented within twenty days or such time thereafter as the court may by special order allow.    A delay of more than a year after the time allowed by the last special order rendered it beyond the jurisdiction of the presiding judge to report the case under R. L. c. 173, § 105, as amended by St. 1917, c. 345 (now G. L. c. 231, § 111).   The case went to judgment automatically under R. L. c. 177, § 1, and Rule 57 (1915) of the Superior Court even though no actual entry to that effect was made by the clerk. *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108, and cases collected at page 109. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51. *Warner* v. *Pittsfield,* 231 Mass. 138, 141.

*Report dismissed.*