BARNEY D. MANN *vs.* BENJAMIN RUDNICK & others.

Norfolk.    October 8, 22, 1935. — May 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Amendment, Judgment.

The mere filing, after the entry of an order sustaining a demurrer to a declaration with leave to amend within a specified period, of a document entitled "Plaintiff's Amended Declaration" did not constitute an amendment, and, where no motion to amend was made and allowed within such period, the action became ripe for judgment against the plaintiff at the expiration thereof without further action by the court or the clerk.

TORT. Writ in the Superior Court dated December 28, 1929.

To rulings and orders by *Williams,* J., on motions by the defendants for entry of judgment, the plaintiff alleged exceptions.

*R. Clayton,* for the defendants Rudnick and others.

*L. H. Glaser,* for the plaintiff.

*R. P. Baldwin,* for the defendants Watchmaker and another.

RUGG, C.J. This is an action of tort. The plaintiff seeks to recover damages alleged to have been sustained by him resulting from acts of duress, deceit, violation of fiduciary

duties and other illegal practices pursuant to a conspiracy. The defendants severally demurred to the declaration. Certain of these demurrers were overruled; others were sustained with leave to the plaintiff to amend. The plaintiff thereupon on July 23, 1930, filed with the clerk of courts a paper entitled "Amendment to Plaintiff's Declaration." On February 20, 1931, this amendment was allowed. Several defendants demurred to this amended declaration. These demurrers were sustained on December 7, 1932, with leave to the plaintiff to amend within ten days. This time was on motion extended to December 30, 1932. On December 29, 1932, the plaintiff filed with the clerk of courts a document captioned "Plaintiff's Amended Declaration." Four of the defendants objected to the allowance of this document as the plaintiff's amended declaration, and filed motions for the entry of judgment. The trial judge ruled that the action went to judgment on January 3, 1933, and refused to allow the amended declaration because it would remain demurrable even after such amendment. The exceptions of the plaintiff to these rulings bring the case here.

The ruling of the trial judge was right to the effect that the mere filing of the document on December 29, 1932, described as "Plaintiff's Amended Declaration" without any motion for its allowance did not constitute either an amendment of the declaration or the filing of a motion to amend it. In the circumstances here disclosed, it was necessary that a motion to amend the declaration be filed and allowed seasonably by the court. That was not done. Although the paper filed on July 23, 1930, was open to objection, such objection was waived by the defendants by demurring to it and by its being allowed by the court. The case is not before us on the original unamended declaration. These points are fully covered by authority and need no discussion. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 125–126. *Kaufman* v. *Buckley*, 285 Mass. 83.

Since no motion to amend the declaration was filed on or before December 30, 1932, and nothing else was done by the plaintiff, the case became ripe for final judgment immediately after that date. Rule 23 of the Superior Court

(1932). The case went to judgment on January 3, 1933. G. L. (Ter. Ed.) c. 235, § 1. Rule 79 of the Superior Court (1932). It went to judgment automatically even though the clerk of courts may have failed to record the judgment. *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298, and cases there cited. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 238. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 504.

Other questions argued become immaterial and need not be considered.

*Exceptions overruled.*