## MILLER v SMITH
### (Two Cases)

.Ohio Appeals, 6th Dist, Lucas Co

· Decided May 10, 1937

Walter W. Kohn, Toledo, for appellants
Martin & Martin, Toledo, and J. Neil Crowley, for appellee.

## OPINION

By OVERMYER, J.

. The same questions are involved in both above entitled cases, which were submitted together and will be disposed of in one opinion. One is a suit filed October 1, 1936, by Jas. Miller, a minor, for damages he claims to have sustained by being struck on the mouth by a stone or clod thrown by defendant, Herman C. Smith, at a dog, and the other is a suit filed the same date by Ruth Miller, the mother of the minor, against the same defendant, for medical and dental expenses claimed to have been incurred by her for her son, growing out of and because of the alleged injuries.

On January 9, 1937, no motions, answers, or other pleadings having been filed by the defendants, plaintiffs moved for default judgments in both cases. Default judgments were entered and juries ordered empanelled to assess damages.

On January 26, 1937, both cases were submitted to juries as on default and verdicts returned for plaintiffs as follows: $300 in the first case and $200 in the second.

On January 28, 1937, motions were filed by the defendant to vacate the verdict and judgment in each case, such motions having been duly verified by counsel for defendant, stating that on January 9, 1937, the counsel for defendant were ill and were unable to appear at docket call when the cause came on for default entry, and that defendant had a valid defense to the suits. The defendant tendered to the court an answer in each case, duly verified by him, setting forth the

defenses alleged Thereupon, on February 16, 1937, the motions to vacate the verdicts were granted as to each case by the court, as appears by the following entry in each case, viz:

"This cause comes on to be heard upon the verified motion of defendant to vacate the default judgment and the verdict of the jury assessing damages thereon and was submitted to the court on said motion of defendant and the proffered verified answer of the defendant, the pleadings and the records of the court, the arguments and professional statements of counsel and the stipulation of the parties which has been marked as stipulation 'A' and has been filed in this case and offered and received in evidence in connection with the hearing of said motion.

"The court find that unavoidable casualty prevented the defendant from defending this action on January 9, 1937, so that a default judgment was taken against him," etc.

Defendant was granted leave to and filed the answers so tendered.

Plaintiffs appeal from the order of the court, in each case, granting the motion to vacate the judgment and verdict and granting defendant leave to answer.

Appellee has moved to dismiss the appeal in each case for the reason that no bill of exceptions has been filed setting forth the evidence which prompted the court below in vacating the judgments and verdicts, and for the further reason that the ruling of the court on the motion to vacate its judgment at term is not a final order. A supplemental motion to dismiss the appeal also was filed, alleging the defendant has abandoned his appeal by having filed demurrers to the answers in the court below.

We think the plaintiffs' position here is not changed by having filed demurrers to the answers below. The court had vacated the judgments and allowed defendant to answer, and plaintiffs were required, in preserving their rights, to go along in the court below even though they had an appeal pending here, for by so doing they will have lost none of their rights in the lower court if their appeal to this court should result adversely to them. The supplemental motion to dismiss the appeal is not well taken and is overruled.

The original motion to dismiss the appeal is based upon two grounds, as before

stated. One ground is that the order of the court vacating the default judgments and verdicts is not a final order from which an appeal may be taken. In **Chandler & Taylor Co. v Southern Pacific Co**, 104 Oh St 188, 135 NE 620, the Supreme Court held:

"An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it."

In the instant case the motions to vacate were filed on the second day after the verdict and within term. As to whether the court abused its discretion, we cannot determine for the reasons stated below.

The second ground of the original motion to dismiss the appeal is based on the claim that there is no bill of exceptions before this court setting forth the evidence which prompted the court below in vacating the judgments and verdicts. The journal entry recites that some of the evidence submitted to the court, upon which the court based its judgments, consisted of the " professional statements" of counsel and a stipulation of the parties.

A stipulation of facts is in the record, marked "Stipulation 'A'" and under the provisions of §11571, GC, a bill of exceptions is not necessary when it appears that the case was tried on an agreed statement of facts which is filed with the papers in the case, but the stipulation herein filed contains nothing with reference to the "professional statements of counsel" referred to in the journal entry. These statements do not appear in the record before us and the bill in this respect is not complete.

The presumption obtains that the court acted in good faith and that it acted within its sound discretion upon sufficient evidence in setting aside the judgments and the verdicts rendered for damages, and in allowing defendant to answer. In the absence of a bill of exceptions setting forth the evidence upon which the judgment of the lower court was based, we cannot enter upon a consideration of the soundness of such judgment and the discretion of the court so exercised.

It is contended by appellants that an examination of the answers tendered and filed will disclose that no defense is made therein, that is, that the allegations of the answer on their face show negligence of

defendant, and that the court erred therefore, in allowing same to be filed. However, there is no admission in either answer as to any injuries or damages resulting to plaintiffs but on the contrary a denial thereof, so that on that issue at least there was a valid answer tendered.

Under authority of the holding of the Supreme Court in First National Bank v Smith, 102 Oh St 120, 130 NE 502, a Court of Common Pleas has control of its own orders and judgments during term, to be exercised with sound discretion, as an inherent right founded upon common law, and not controlled by §11631, GC, relating to judgments after term. Hence during term a court may, in the exercise of a sound discretion, vacate a judgment whether a good answer is tendered or not

There being no complete bill of exceptions before us from which to review the judgments of the lower court and no prejudicial errors appearing otherwise in the record, said judgments will be affirmed.

Judgments affirmed.

LLOYD and CARPENTER, JJ, concur.