CLIFFORD B. SULLIVAN, administrator, *vs.* FRANCIS J. JORDAN & others.

Suffolk.    May 14, 1941. — September 10, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Practice, Civil,* Entry of judgment. *Limitations, Statute of. Insurance,* Motor vehicle liability.

That a finding for the plaintiff in an action was in a sum in excess of the ad damnum of the writ did not prevent the action from being ripe for judgment and going to judgment under G. L. (Ter. Ed.) c. 235, § 1; Rule 79 of the Superior Court (1932), on the judgment day next after the expiration of the period for claiming an appeal or filing a bill of

exceptions although no formal entry of judgment was made by the clerk; and a subsequent waiver by the plaintiff of all damages in excess of the ad damnum, followed by a formal entry of judgment on the docket by the clerk, did not affect the time of the judgment.

Under G. L. (Ter. Ed.) c. 260, § 4, as last amended by St. 1937, c. 385, § 9, a suit in equity under c. 214, § 3 (10), by a judgment creditor for personal injuries caused by an automobile, to enforce a policy of compulsory motor vehicle liability insurance issued to the owner of the automobile under c. 90, § 34A, was barred where brought more than one year following the expiration of thirty days after the date when the plaintiff's action at law went to judgment under c. 235, § 1; Rule 79 of the Superior Court (1932), although the judgment was based on a finding in excess of the ad damnum of the writ.

BILL IN EQUITY, filed in the Superior Court on September 29, 1939, against Francis J. Jordan, Helen Crosby, Inc., and The Employers' Liability Assurance Corporation, Ltd.

The suit was reported by *Greenhalge*, J., following the sustaining of a plea.

The following allegations appeared in the bill:

"The plaintiff is informed and believes and therefore alleges that on or about the second day of April, 1934, the defendant insurance company issued in this Commonwealth a motor vehicle liability policy as defined in G. L. (Ter. Ed.) c. 90, § 34A, to the defendant, Helen Crosby, Inc., covering the aforesaid motor vehicle; said policy being issued with a $10,000 liability upon the insurance company for a single injury or death, and $20,000 for more than one injury or death, and being commonly called a ten thousand to twenty thousand dollars liability policy, and the said defendant insurance company being responsible for its full amount. . . . And the plaintiff is informed and believes and therefore further alleges upon information and belief that on May 25, 1934, the date of the said accident, the aforesaid insurance policy was in full force and effect. Wherefore, a cause of action has accrued to the plaintiff under c. 346 of St. 1925 and c. 368 of St. 1926 and all the acts and amendments subsequent thereto, with relation to the said compulsory motor vehicle law, and under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3, against the defendant insurance company, to reach and apply the proceeds of said policy in payment of the said judgment and execution." The record did not

contain a copy of such policy nor any statement of its terms except as so alleged.

*J. P. White,* for the plaintiff.

*K. C. Parker,* for the defendant The Employers' Liability Assurance Corporation, Ltd.

RONAN, J.　On May 25, 1934, an automobile owned by the defendant Helen Crosby, Inc., and registered in its name, was operated with its consent by the defendant Francis J. Jordan, when the automobile struck the plaintiff's intestate, causing injuries from which she died. The defendant The Employers' Liability Assurance Corporation, Ltd., was the insurer of Helen Crosby, Inc., under a motor vehicle liability policy as defined in G. L. (Ter. Ed.) c. 90, § 34A, which provided insurance to the amount of $10,000 against liability for a single injury or death. After a trial in the Superior Court of an action of tort brought by the plaintiff against Jordan for causing the death of the plaintiff's intestate, a finding was entered for the plaintiff on April 21, 1938, with damages assessed at $11,586.64, which was in excess of the ad damnum of $10,000. Nothing was done until December 5, 1938, when the plaintiff filed a waiver of so much of the damages as was in excess of the ad damnum. On December 12, 1938, apparently without action by any judge, the clerk entered judgment for the plaintiff for $10,000 damages and $20 costs, upon which execution issued on December 13, 1938.

On September 29, 1939, the plaintiff brought the present suit to reach and apply in satisfaction of the judgment the obligation of the defendant insurer, under G. L. (Ter. Ed.) c. 214, § 3 (10), and c. 175, § 113. The defendant insurer filed a plea that the cause of suit stated in the bill did not accrue within one year before the commencement of the suit. By G. L. (Ter. Ed.) c. 260, § 4, in its latest form in St. 1937, c. 385, § 9, a suit in equity of the class to which the present suit belongs "shall be commenced only within one year next after the cause of action accrues." The judge "sustained" the plea (*Dudley* v. *Sheehan Construction Co.* 305 Mass. 144, 145) upon the only evidence introduced, which was a copy of the docket in the action of tort for caus-

ing death, in which the facts already stated appeared, and then reported the case.

The right to begin a suit of the class to which the present suit belongs accrues upon the expiration of thirty days after judgment in the action of tort. G. L. (Ter. Ed.) c. 214, § 3 (10). Compare c. 175, § 113. If the judgment was in law rendered on December 12, 1938, the commencement of the present suit on September 29, 1939, was well within the year "next after the cause of action accrues" allowed by G. L. (Ter. Ed.) c. 260, § 4 (St. 1937, c. 385, § 9). But the defendant insurer contends that the action was "ripe for judgment" as soon after the finding made on April 21, 1938, as the twenty days allowed for claiming an appeal or filing a bill of exceptions (G. L. [Ter. Ed.] c. 231, §§ 96, 113) expired, and that judgment followed as matter of course on the following Monday, at ten o'clock in the forenoon, under G. L. (Ter. Ed.) c. 235, § 1, and Rule 79 of the Superior Court (1932). Here there was not only a statute providing for the entry of judgments by the clerk in civil actions and proceedings ripe for judgment, but there was, what was lacking in *Gardner* v. *Butler*, 193 Mass. 96, a rule of the court directing the clerk, unless the party entitled to judgment otherwise requests in writing or the court otherwise orders, to enter judgment at ten o'clock in the forenoon on Monday of each week in civil actions and proceedings ripe for judgment. Rule 79 of the Superior Court (1932). Under such a rule judgment is rendered in the view of the law when it ought to be entered, even though the clerk fails to make any entry upon the docket. *Gardner* v. *Dudley*, 12 Gray, 430. *Pierce* v. *Lamper*, 141 Mass. 20. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. *Wallace* v. *Boston Elevated Railway*, 194 Mass. 328. *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 51. *Warner* v. *Pittsfield*, 231 Mass. 138, 141. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 238. *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298, 301. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 504. If the contention of the defendant is sound, judgment was in law rendered on May 16, 1938, and the present suit begun on

September 29, 1939, was barred by limitations. The whole case turns on the question whether the action of tort was "ripe for judgment," and consequently went to judgment, on May 16, 1938.

The only ground advanced by the plaintiff in support of his contention that the action was not "ripe for judgment" on May 16, 1938, is that the finding for the plaintiff exceeded the amount of the ad damnum of his writ. There is no suggestion that the assessment of damages was due to accident or mistake or that a judgment following that finding was not the judgment that the court intended to render. *Prenguber* v. *Agostini*, 289 Mass. 222. *Amory* v. *Assessors of Boston*, 309 Mass. 162. Such a judgment was erroneous in that it did not conform to the amount claimed in the writ, but the defect resulted from an error committed by the court while acting within its jurisdiction, *Kirby* v. *Donovan*, 228 Mass. 86, 90; *Paige* v. *Sinclair*, 237 Mass. 482, 484; *Kevorkian* v. *Superior Court*, 295 Mass. 355, 357, rather than from a finding that the court was without power to make. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Carroll* v. *Berger*, 255 Mass. 132. *Rogan* v. *Liberty Mutual Ins. Co.* 305 Mass. 186. Accordingly, it has been held that a judgment in excess of the ad damnum is not void but voidable. *Grosvenor* v. *Danforth*, 16 Mass. 74. *Hemmenway* v. *Hickes*, 4 Pick. 497. *Safford* v. *Weare*, 142 Mass. 231. The defect could have easily been corrected by an amendment to the writ, increasing the ad damnum. G. L. (Ter. Ed.) c. 231, § 51. *Luddington* v. *Goodnow*, 168 Mass. 223. *Laxton* v. *Hay*, 211 Mass. 463. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344. No such step was taken. *Kelly* v. *Foley*, 284 Mass. 503, 508. A judgment which at the most is only voidable stands until it is modified, vacated or set aside in direct proceedings brought in some one of the various methods provided by law to accomplish the purpose. *Reid* v. *Holmes*, 127 Mass. 326. *Joyce* v. *Thompson*, 229 Mass. 106. *Sciaraffa* v. *Debler*, 304 Mass. 240. *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567.

It appears from a copy of the docket entries in the case, G. L. (Ter. Ed.) c. 231, § 135, *Home Owners' Loan Corp.*

v. *Sweeney,* 309 Mass. 26, 27, that at no time after the finding for the plaintiff was made, was there any matter remaining to be disposed of by the court before the action could be terminated. Neither was there any matter then under consideration of the court that did not appear on the docket. *Hathaway* v. *Congregation Ohab Shalom,* 216 Mass. 539. *Reno* v. *Cotter,* 236 Mass. 556. After the entry of the finding, no further action was requested or taken by the court. The case went to judgment on May 16, 1938, in accordance with Rule 79 of the Superior Court (1932). *Mann* v. *Rudnick,* 294 Mass. 353. *Home Finance Trust* v. *Rantoul Garage Co.* 300 Mass. 86.

The filing by the plaintiff on December 5, 1938, of a waiver of all damages in excess of the ad damnum did not remove any obstacle in the path of this litigation that prevented it from going to judgment, because there was none, but the waiver was in substance a remittitur which as a practical matter served to correct a defect in an existing judgment. *Hutchinson* v. *Crossen,* 10 Mass. 251. *King* v. *Howard,* 1 Cush. 137. *Hemmenway* v. *Hickes,* 4 Pick. 497. *Look* v. *Luce,* 140 Mass. 461. *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273.

The bill was filed more than a year after the plaintiff's cause of suit had accrued. G. L. (Ter. Ed.) c. 260, § 4, as most recently amended by St. 1937, c. 385, § 9. The interlocutory decree sustaining the plea of the corporate defendant must be affirmed. A statutory remedy which prescribes a period during which resort to it may be had is not available after that period has elapsed. *Crosby* v. *Boston Elevated Railway,* 238 Mass. 564. *Bickford* v. *Furber,* 271 Mass. 94. *Choate* v. *Assessors of Boston,* 304 Mass. 298. *Old Colony Railroad* v. *Assessors of Quincy,* 305 Mass. 509. *Boston* v. *Cable,* 306 Mass. 124.

*Interlocutory decree affirmed.*