ANTHONY D. ALMEIDA *vs.* SOCONY–VACUUM OIL COMPANY, INCORPORATED.

Suffolk.    April 9, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil,* Vacation of judgment.    *Negligence,* Dangerous article, Vendor.

A petition for vacation of a judgment for the defendant, entered because of inadvertence or mistake of the plaintiff's counsel, was properly granted where a finding, in substance that the plaintiff had a case of sufficient merit to engage the attention of the court, was warranted by evidence that the plaintiff, a truckman for the purchaser of a gasoline tank from the defendant, was injured by the explosion of the tank because it contained gasoline vapors and that, preliminary to the tank's being delivered to the plaintiff twenty-two days before, an employee of the defendant had stated in substance that he would "steam it out" to remove the vapors and two days later had told the plaintiff, when he took delivery, that it was ready.

PETITION, filed in the Superior Court on May 8, 1942, for vacation of judgment.

The case was heard by *Collins*, J.

*J. T. Riley,* for the respondent.

*W. G. Todd,* for the petitioner.

LUMMUS, J.    The plaintiff brought the original action in tort in the Superior Court to recover for personal injuries caused by the explosion of a metal tank due to the negligence of the defendant or its servants.   A demurrer to the

declaration was sustained on March 30, 1942, and the plaintiff was given leave to amend within ten days. An amended declaration was filed on April 6, 1942, but no motion to amend was made. *Mann* v. *Rudnick,* 294 Mass. 353. On May 26, 1942, the clerk was ordered to make an entry of judgment for the defendant as of April 27, 1942. See G. L. (Ter. Ed.) c. 235, § 1; Rules 23 and 79 of the Superior Court (1932); *Sullivan* v. *Jordan,* 310 Mass. 12, 15.

The plaintiff on May 8, 1942, brought this petition to vacate that judgment, which was heard on June 8, 1942, before a judge of the Superior Court, who allowed the petition, subject to the furnishing of a bond by the petitioner in the penal sum of $100. G. L. (Ter. Ed.) c. 250, §§ 15–17. The case is here on the exceptions of the respondent.

The evidence of the petitioner was substantially as follows. He drove a truck for one Whitney, who dealt in used tanks. Whitney had bought a tank from the respondent, and on Saturday, September 20, 1941, he and Whitney went to the respondent's plant in East Cambridge to get it. Whitney asked the respondent's shipping clerk whether the tank was ready for delivery, and the clerk said it was. Whitney remarked that it smelled "kind of strong of gasoline." The clerk said, "I will steam it out and you can come back for it Monday." On Monday the petitioner went there alone, and the clerk told him that the tank was ready. The petitioner took the tank to Whitney's yard in Somerville. He saw the tank every day until October 14, 1941, and to his knowledge nothing was done to change the condition. On instructions from Whitney, the petitioner took the tank on October 13 or 14, 1941, to the Modern Welding Company in Medford to have some pit marks and depressions filled in and a manhole cover put on. The proprietor of that company took a chisel and started chipping the pit marks near the bung hole, when the tank exploded and the petitioner was hurt. The petitioner believed that the tank was empty and had no knowledge that it contained any gasoline vapors or anything harmful.

A State police detective who had had experience with explosives, including gasoline vapors, for more than twenty

years, and who had read much about them, was allowed to testify that the vapor from gasoline is explosive, and that, after the gasoline itself has been emptied from the tank, the vapor from it may stay for an indefinite period in a tank that has not properly been steamed out. Flushing a tank with water would, he testified, not eliminate the vapors. A spark from a chisel could cause an explosion.

The judge found as follows: "After hearing I find that judgment was had through the inadvertence or mistake of plaintiff's counsel in failing to accompany the plaintiff's amended declaration with a motion for leave to amend in accordance with the rule. Said inadvertence or mistake was not due to the lack of diligence or fault of the plaintiff. . . . I have heard sufficient evidence to conclude that there is a controversy involving conflicting evidence and that the plaintiff's claim is of sufficient merit to warrant a hearing on the merits."

There was evidence that the tank that exploded was the one sold by the respondent. There was evidence, too, that the tank contained dangerous vapors which the respondent's agent assured the petitioner and his employer had been eliminated by steaming. *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340. *Geraci* v. *A. S. Tomasello & Son, Inc.* 293 Mass. 552. *Barbeau* v. *Buzzards Bay Gas Co.* 308 Mass. 245. Due care on the part of the petitioner could have been found, and the negligence of the respondent could have been determined to be the cause of the injury. There was no error in the finding, in substance, that the petitioner had a case of sufficient merit to engage the attention of the court. *Maki* v. *New York, New Haven & Hartford Railroad*, 293 Mass. 223. *Herlihy* v. *Kane*, 310 Mass. 457, 460. The requests for rulings which were denied, so far as they have been argued, are covered by what has been said.

*Exceptions overruled.*