Pettingell, P. J.
In 1941, sixty-nine employees of the City of 'Cambridge brought actions of contract against the city to recover amounts of money withheld from their pay, the present action being one of them. The actions were consolidated in one trial in the District Court in which there were findings for the several plaintiffs. The defendant claimed, a report in each action. To perfect the appeals, one report was filed, all the appeals being consolidated with that of John Arthur Altimas, Third District Court of Eastern Middlesex, No. 2205 of 1941, Appellate Division No. 3271. That case with others having been settled by agreement,[1] the opinion for the remaining cases is prepared *100 in the case of the present plaintiff whose action has not been so disposed of.[2]
The case stands in two parts; when the consolidated report was first before this Division and the oases were argued, the report was recommitted to the District Court for “amplification, correction or amendment”. At that time the original report assigned error in three particulars as the basis of the appeals, as follows:
1. The denial of twenty-nine rulings requested by the defendant.
2. The allowance of ninety-seven rulings requested by the plaintiffs.
3. The refusal by the trial judge to grant a hearing on the defendant’s motions to amend the defendant’s answers.
After the defendant had claimed reports in the matters, numbered above 1, 2, and 3, and had filed a draft report, the plaintiffs filed in each case a motion that judgment be entered for the plaintiff as of April 3, 1942. There was a hearing on these motions, which were allowed. The defendant claimed other reports on these allowances. No requests for rulings of law were filed by the defendant as to the propriety of the allowance of the motions.
This was the status of the cases when the reports were recommitted. A supplemental consolidated report has since been made by the trial judge, which does not, however, affect the part of the cases which has been outlined.
The plaintiffs now contend that there was no error in the allowances of their motions for judgment and that *101 allowances of those motions was conclusive of the cases •regardless of the supplemental report. This last contention will be considered later.
There are first two material contentions to be considered The first is whether the cases were automatically ripe for judgment when the plaintiffs filed their motions for the entry of judgment.
The plaintiffs’ contention is that when the defendant • filed its request for a report specifying as error the denial of the requests filed by the defendant and denied (numbered 1 in the preceding), and the allowance of the rulings requested by the plaintiffs and denied (numbered 2 in the preceding), the request was not in compliance with Buie 27 of the District Court Bides (1940 edition), in .that it did not “include a clear and concise statement of the rulings upon which a rehearing is requested sufficiently full and accurate for identification”. The plaintiffs do not mention specifically the third ground stated by the defendant as the basis of a claim of report, the refusal by the trial judge to grant a hearing on the defendant’s motions to amend the defendant’s answer, but the plaintiffs’ argument by implication is a further contention that the defendant’s claim in this particular is one that has no validity. The plaintiffs contend that all of these items are in themselves nullities and of no effect, not complying with the rules, and • no bar to the immediate entry of judgment.
The plaintiffs rely first upon such decisions as Almeida v. Alsdorf, 291 Mass. 115, and Rollins v. Perry, 284 Mass. 488, to the effect that a request for a report which describes only by number the rulings upon which the court is alleged to • have acted erroneously, as the appellant alleges here, is not , a sufficient compliance Avith Buie 27; with this statement of the law as a premise, the appellants then argue that the requests are in themselves a nullity and therefore in effect *102 are not upon the record at all, citing as authorities, Porter v. Boston Storage Warehouse Co., 238 Mass. 298. Patrick v. Dunbar, 294 Mass. 101; Mann v. Rudnick, 294 Mass. 353. Home Finance Trust v. Rantoul Garage Co., 300 Mass. 86. Gallagher v. Atkins, 305 Mass. 261. Sullivan Admr. v. Jordan, 310 Mass. 12.
We do not think, however, that these cases support the argument of. the plaintiffs.
In Porter v. Boston Storage Warehouse Co., 238 Mass. 298, after a verdict against the plaintiff, the court allowed a definite period within which a draft report could be filed. After that time and its extensions had expired, a draft report was filed.; the judge who had made the original order, reported the case stating that the time had expired and no draft report had been filed within that time. The defendant filed a motion to dismiss the report. The Supreme Judicial Court held that the case went to judgment automatical- ■ ly, at the end of the time within which a draft report properly could be filed.
In Patrick v. Dunbar, supra, the defendant, an executor, sued by the plaintiff on a note, represented in the Probate Court that the estate of the testator was insolvent, and filed in the Superior Court an attested copy of the decree appointing commissioners to receive and examine claims. Later the Probate Court revoked the decree and the same day issued a similar decree. Certified copies of the later decree were filed in the case at bar and on the same day that they were filed, the plaintiff’s motion for an execution was heard, judgment having been entered earlier for the plaintiff, and was allowed. The defendant excepted to the allowance. The Supreme Judicial Court sustained the exception because at all times, during the period involved, there was always on file in the district court an authentic copy of a decree respecting the representation of insolvency.
*103 In Mann v. Rudnick, supra, the defendants demurred to the plaintiff’s declaration, and the demurrer was sustained, with leave to amend within ten days. Within that time the plaintiff filed an amended declaration without anything more. The defendants demurred to the allowance of the amended declaration and the trial judge ruled that the plaintiff not having filed a motion for allowance of the amended declaration, the case automatically went to judgment at the end of the period of ten days allowed for amendment, the filing of the amended declaration, with no motion for its allowance not being enough to prevent that result. The plaintiff’s exceptions were overruled.
In Home Finance Trust v. Rantoul Garage Co., supra, the plaintiff in a writ of review filed in a district court, received a finding. The defendant filed a motion for judgment which was denied; the defendant took an “exception” and made a request for a report, followed by a draft report. The request for a report was then disallowed and judgment was entered for the plaintiff. The defendant filed a claim of appeal which was dismissed in the Superior Court. The defendant alleged an exception. The Supreme Judicial Court in overruling the exception held that all the proceedings for reporting the case to the Appellate Division was a nullity, the court having no jurisdiction over writs of review, and that the case automatically went to judgment when the required amount of time elapsed after the finding for the plaintiff, no appeal properly having been claimed during that time.
In Gallagher v. Atkins, supra, the defendant, following a finding for the plaintiff, claimed a report and filed three draft reports. The defendant filed a motion to dismiss the claim for a report, and three draft reports, on the ground that Buie 28 of the District Court Buies (1932 Ed.) had not been complied with, no copy of the draft reports having *104 been mailed to the adverse party as required by the rule. The trial judge allowed the motion and dismissed the claim for a report and the three draft reports. At page 264, the Supreme Judicial Court said,
“In the present case the granting of the motion to dismiss left the case ripe for judgment so as to entitle the defendant to have the rulings involved therein (referring to the dismissal as to which the defendant had claimed still another report) reported to the Appellate Division. ’ ’
In Sullivan v. Jordan supra, the plaintiff recovered a finding for an amount in excess of the ad damnum- of the plaintiff's writ. A rule of the Superior Court required the clerk, unless the party entitled to a judgment requests otherwise to enter judgment on Monday of each week in cases ripe for judgment. Under the decisions a judgment in excess of the ad damnum is voidable, and stands until properly corrected or set aside. The plaintiff having taken no action in the matter, the case automatically went to judgment against him.
The plaintiffs base their contention upon the disposition of these six cases. Of the six, one, Porter v. Boston Storage Warehouse Co., supra, was decided because action was not taken within the time prescribed by the court for action, and the decisions of three were based on the failures of parties to act affirmatively by proper further pleadings to keep their particular cases from going to judgment when such action was required to save the cases. These were Mann v. Rudnick, supra, and Home Finance Trust v. Rantoul Garage Co., supra, and Sullivan v. Jordan, supra. In two of these cases there was complete inaction, in the third, the defendant lost his opportunity to complete a proper appeal by wasting his available time on an attempted appeal to a court which had no jurisdiction.
*105 One case, Patrick v. Dunbar, supra, is entirely contrary to the plaintiff’s contention. The sixth case, Gallagher v. Atkins, supra, is also directly opposed to that contention, that a pleading, invalid in itself, is a nullity on the record which requires an automatic entry of judgment. In that case the court points out that it is not the fact that the pleading is invalid that is material, but the court’s adjudication that the pleading is invalid which is the important thing; until the invalidity is thus judicially determined, the presence on the record of the invalid pleading, if it is pertinent, does not affect the case. In no other way is the right of appeal of a party relying upon the validity of such an instrument preserved for judicial determination.
Gallagher v. Atkins, supra, in itself an illustration of this fact for the court points out that the dismissal of the claim for a report made the case ripe for judgment so that the defendant could go to the Appellate Division on his claim of error in the rulings involved in the dismissal.
In the case at bar, as in that case, the defendant filed a claim for a report on the dismissal of the defendant’s claim for a report. Gallagher v. Atkins, supra, holds that when a claim for report has been dismissed, there is no basis upon which the Appellate Division can establish a report if a petition to that effect has been filed. It specifically holds, however, that a report on the allowance of the motion to dismiss can be claimed and allowed, but that such a report cannot raise any issue of the propriety of the error specified in the original claim of report but only as to the error in the dismissal itself.
We do not accept, therefore, the plaintiff’s contention that the presence upon the record of a claim of report, which might be found to be invalid, made the cases automatically ripe for judgment without more.
*106 In the case at bar, however, as in Gallagher v. Atkins, supra, the defendant filed a claim for a report based on the error alleged to have been committed in the dismissal of the defendant’s claims for a report. The trial judge has stated in the report that the defendant claims to be aggrieved by the allowance by the Court “of the said motion”, and the issue of the propriety of the allowance of the plaintiff’s motion for judgment is thus properly before this Division.
The defendant’s assignment of error by which it originally claimed to be aggrieved in this respect, as stated in the claim of report, is as follows:
1. “in refusing to grant Defendant’s Requests for Rulings Nos. 1 to 10, inclusive, 13 to 23 inclusive, and 24 to 31 inclusive. ’ ’
2. “granting in the Plaintiff’s Requests for Rulings Nos. 1 to 52 inclusive as filed by George A. McLaughlin, Esq., and Plaintiff’s Requests for Rulings, Nos. 1 to 45, inclusive, as filed by Frederick V. Mc-Meniman, Esq.”
3. “in refusing to grant a hearing on the Motion to Amend Defendant’s Answer.”
The assignments of error as set forth in 1 and 2 do not comply with Rule 27 of the Rules of the District Court (1940 Ed.), as the request for a report does not “include a clear and concise statement of the rulings upon which a rehearing is requested, sufficiently full and accurate for identification” as interpreted by the following cases. Stafford v. Commonwealth Co., 263 Mass. 240, at 242. Rollins v. Perry, 284 Mass. 488, at 489. Almeida v. Alsdorf, 291 Mass. 115, at 116. Ahern v. Towle, 310 Mass. 695, at 697.
The assignment of error numbered 3 does not set forth an issue of law; the failure of a trial judge to grant a hearing on a motion, without anything more appearing, is wholly a matter of discretion, and matters of that nature not *107 being reviewable per se. Lang v. Bunker, 6 Allen 61, at 62. Aronson v. Nurenberg, 218 Mass. 376, at 377. Waltham Bleachery &c. Corp. v. Clark Rice Corp., 274 Mass. 488, at 491.
The allowance of the plaintiffs’ motions for judgment implied an adjudication that the defendant’s claims of report were not of sufficient substance to prevent the eases from going to judgment. Murphy v. Hanright, 238 Mass. 200, at 204. Fisher v. Drew, 247 Mass. 178, at 183. Commonwealth v. Gedzium, 259 Mass. 453, at 461. As to the specifications of error numbered 1 and 2, the adjudication was proper, it being apparent on the record that Rule 27 of the District Court Rules (1940 Ed.) had been violated; as to the specification numbered 3 it was proper because nothing was set forth that constituted an error of law.
This disposition of the first part of the defendant’s case makes unnecessary any consideration of that part of the case raised by the supplemental report made by the trial judge which was an elaboration or better prepared statement of the error alleged in first report filed. If the plaintiffs ’ motions to dismiss the claims of reports for informality in claiming them, were properly allowed, a later restatement of the same error cannot survive.
No prejudicial error appearing, the report is to be dismissed.

The companion cases disposed of by agreements for judgment are those of: Paul P. Babbin, Joseph P. Carney, Alexander Chisholm, Corinne M. Conlon, Ray L. Coolidge, Ovide J. Crepeau, Julia M. Critchfield, Edgar W. Davis, James E. Finnegan, Anna T. Foley, Sadie Gerstein, Genevieve G. Hannon, Thomas Hawkes, Arthur L. Largenton, Marguerite V. Leonard, Frank D. McCristle, Richard F. McDonald, Gertrude B. Mullen, Margaret V. Mullen, Gertrude R. Mulloney, Josephine T. Nelligan, Christine E. O’Brien, Helen F, O’Rourke, Donald J. Reardon, Edward Smith, Helen T. Toomey.

The companion cases not disposed of by agreements for judgment, are those of r Daniel S. Brennan, Anna M. Burke, Mary E. Calnan, William J. Cleary,. Harry J. Cloran, William S'. Coady, Thomas M. Cosgrove-, Daniel Courtney, Thomas J. Croke, Americus D’Agostino, John Dee, Sabato. A DeNunzio-, William J. "Dinan, Mildrel C. Doherty, Kathleen A. Donnelly, Daniel F. Driscoll, Thomas E. Feroleto-, Margaret G. Fitzgerald, William J. Geary, Margaret M. Gibson, Edward D. Hanlon, Edward J. Hennessey, Ralph Lampron, Rose E. Manning, Edward McGuinness; Walter M. McCuster, John L. McMenlmen, Joseph McMenlmen, Katherine M. McNamara, Walter M. Montgomery, Helen C. Moran, William J. Mulcahy, Daniel J. Murphy, Warren G. Murphy, Edward L. O’Rourke, Michael Rynne, Joseph H. C. Sampson, Frederick J. Schuler, Edward J. Sullivan, Henry A. Sullivan, William F. Sullivan.