*Northern District*
No. 4692

## TOWN AND COUNTRY HOMES, INC.
### v.
### MICHAEL P. FIELDS et al

(March 10, 1954)

*Gadsby, P. J.* This is an action of contract to recover a real estate broker's commission for the sale of a house formerly owned by the defendants on Mt. Vernon Avenue, Melrose. The declaration is in two counts, one for a broker's commission of $690.00, and the other on an account annexed for the same

sum. The answer is a general denial and payment.

The trial judge (Schofield, J.) on January 19, 1953, found for the plaintiff and assessed damages in the amount of $690.00 with the notation, "Plaintiff's request for rulings not considered." On January 23, 1953, another finding for the plaintiff was made, again assessing damages at $690.00 and stating that the plaintiff's request for rulings was not considered, and in addition disallowing defendant's request for rulings Nos. 1 and 2 on the facts found.

On April 9, 1953, the trial judge, of her own motion, deeming it necessary to prevent a failure of justice, granted a new trial in this and a companion case.

Plaintiff thereafter made a Motion for Judgment *Nunc Pro Tunc* and to Vacate the Order for New Trial, moving that judgment be entered as of February 6, 1953 in accordance with General Laws, 235, § 2, and Rule 36 of the District Courts, and that the order for a new trial be vacated. At the hearing on this motion, it was brought out that Town and Country Homes, Inc. was a corporation duly organized under the laws of Massachusetts and had a usual place of business in Boston. A copy of the writ, described Town and Country Homes, Inc., only as of Boston. On May 11, 1953, the motion was denied.

The specific question for consideration is whether the trial judge had any power to allow on her own volition a new trial on April 9, 1953.

It would seem that in accordance with G. L. c. 235, § 2, and Rule 36 of the District Courts, judgment should have been entered at ten o'clock of the forenoon of the Friday following the day when the case became ripe for judgment. The usual rule is that a case is "ripe for judgment" when nothing remains to be done which should be done before making a final adjudication of the rights of the parties. *American Wood Working Machinery Co., v. Furbush*, 193 Mass. 455. The time for filing a report had likewise expired when the judge on her own volition

granted a motion for a new trial. The Clerk of Court failed to enter judgment on the docket because the plaintiff was not described in the writ as a corporation. The fact that this was not done by the Clerk did not prevent the case from going to judgment since judgment is rendered in view of the law when it should have been. *Sullivan v. Jordan*, 310 Mass. 12, 15.

Under Rule 36, the trial judge had no power on her own motion to order a new trial final judgment.

Furthermore, the defect, if any, of the absence of the allegation that the plaintiff was a corporation should have been raised only by a plea in abatement. In *Liddell v. Middlesex Motor Co.*, 275 Mass. 346, the plaintiff described the defendant in the writ as "a corporation duly established by law" in fact the defendant was not a corporation, but an individual proprietorship. Judgment for the plaintiff was sustained, the Court stating at 353, "If he had to take any advantage of a misnomer or misdescription in the writ he should have done so by plea in abatement, and not having so pleaded he has waived any objection which might have been raised by such plea and judgment may now be entered against him in the name by which he was described in the writ."

It would seem quite unfair to allow a defendant to pay no attention to such a defect and try his case and then if unsuccessful, seek a new trial on the basis of misnomer or misdescription. This would give a defendant two bites at the apple. Not having raised the matter properly, it is waived. The Court had no authority to order a new trial and it erred in denying the motion of the plaintiff for judgment *nunc pro tunc* and in refusing to vacate the order for a new trial.

It is ordered that judgment *nunc pro tunc* be entered as of February 6, 1953, and the order for a new trial vacated.

Maguire, Roche & Garrity, for the plaintiff.

Joseph G. Bryer, for the defendant.