*Western District*

**JOSEPH ZELLON, EDITH CANAN and SEYMOUR LUBIN**

v.

**ABRAHAM H. FRIEDMAN and SARAH L. FRIEDMAN**

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *DiCicco, J.* in the Central District Court of Worcester. No. 138300.

Argued: June 16, 1965—Decided: July 16, 1965

*Garvey, P. J.* This report shows that on *December* 18, 1964, the defendants' demurrer to the plaintiffs' declaration, for money had

and received and breach of contract, was sustained with leave granted to the plaintiffs to amend within 10 days. An amended declaration was seasonably filed.

The defendants again demurred and moved to strike the amended declaration because of the failure of the plaintiffs to file a motion for leave to amend. On *January* 14, 1965, after hearing, the second demurrer was sustained.[1] The next day the plaintiffs filed a written voluntary non-suit. The report then states: *"On January* 22, 1965 *the plaintiffs' non-suit went to judgment."* (emphasis supplied) On *January* 25, 1965 the defendants filed a motion "to remove non-suit and for entry of judgment for the defendants" which was allowed on *February* 12, 1965. To the allowance of this motion the plaintiffs claim to be aggrieved and requested this report.

The defendants want judgment on their demurrer—the plaintiffs on their non-suit. The difference, if any, that either judgment would have on any further action brought by the plaintiffs for the same cause, we are not called upon to decide. The only issue presented to us is one of procedure.

▐■▌ Generally, in the absence of an answer in set-off, or reference for trial to an auditor, a plaintiff may take a voluntary non-suit or discontinue his action at any time before trial without obtaining leave of court or the consent of the defendant, *Marsch v.*

[1] The report does not indicate that any action was taken by the court on the motion to strike.

*Southern N. E. Railroad Corp.,* 235 Mass. 304, 307, and such action takes effect on its filing. *Derick v. Taylor,* 171 Mass. 444, 446.

■ A case, when ripe for judgment, goes to judgment when it should, even though the clerk of the court fails to record it. G. L. (Ter. Ed.) c. 235, §2. Rules 12 and 36 of the Rules of the District Courts. *Mann v. Rudnick,* 294 Mass. 353; *Almeida v. Socony-Vacuum Oil Co., Inc.,* 314 Mass. 28.

■ Since no motion for leave to amend was filed by the plaintiffs this case, without more, was ripe for judgment and should have gone to judgment on Friday, *January 8th,*—seven days after the expiration of the 10 days granted to the plaintiffs to amend their declaration. Rule 12 of the Rules of the District Courts. *Mann v. Rudnick,* 294 Mass. 353. This was not done, and no request was made to the court to order it done. But we are confronted here with what was done, not what should have been done.

■ When the court acted on the motion to remove the non-suit and ordered judgment for the defendant the case had already gone to judgment for the defendant. Nothing remained for the court to do, except to entertain, if presented, a motion or petition under G. L. (Ter. Ed.) c. 250, §§14-15 to vacate the judgment. To have two judgments in one case seems to us to be incongruous.

*The order of the court allowing the motion to vacate the non-suit and ordering judgment for the defendants is to be vacated.*

Louis S. Feingold, of Worcester, for the Plaiintiffs.
Fisher, Keenan and Foley, of Worcester, for the Defendants.