*Northern District*

No. 7964

**DAVID RINES and ROBERT H. RINES d/b/a RINES AND RINES**

v.

**JAMES SACCO**

Argued: Feb. 1, 1973 - Decided: Feb. 15, 1973

*Present:* Cowdrey, P.J., Flaschner, Bacigalupo, JJ.

Case tried to *Mayo, J.* in the District Court of Southern Essex. Date of finding May 19, 1972. Docket No. 247 of 1972.

**Bacigalupo, J.** This is an action of contract to recover for professional services rendered to the defendant and disbursements connected therewith. The declaration is in two counts. Count one seeks to recover the liquidated sum of $32,225.99. Count two seeks recovery on the basis of a *quantum meruit.*

The defendant's answer is a general denial, payment and an allegation that if the defendant ever employed or retained the plaintiffs he did so as the authorized agent of a disclosed principal.

The case comes before us on the plaintiffs' claim that the the action of the trial court on May 19, 1972 on its own motion in revoking and disallowing a motion for judgment and affidavit of no defense brought under the provisions of G.L. c. 231, § 598 which it had previously allowed on May 5, 1972, was error.

A copy of the pertinent docket entries indicate the following:

On April 11, 1972, the plaintiff filed a motion for the immediate entry of judgment and an affidavit of no defense; on May 3, 1972, the defendant filed an unsworn affidavit of defense and a sworn affidavit in support of the unsworn affidavit of defense; on May 5, 1972, after a hearing at which counsel for the plaintiff appeared but at which neither the defendant nor anyone in his behalf appeared, the court allowed the plaintiffs' motion for the immediate entry of judgment under G.L. c. 239, § 598.

On May 5, 1972, when the court allowed the plaintiffs' motion for judgment, the court was unaware of the filing on May 3, 1972, of the defendant's sworn affidavit of defense which had been misplaced by the clerk's office.

The pertinent docket entries further indicate that on May 9, 1972, the plaintiff filed an affidavit of non-military service and that on May 19, 1972, an entry was made "Pleading #4 allowed in error. Order is revoked and disallowed, Mayo, J. and notices mailed." Pleading "#4" referred to in this entry is the plaintiffs' motion for immediate entry of judgment.

No formal entry of judgment on the docket was made by the clerk.

The court reported five questions of law for our determination.

In view of our opinion with respect to question 5, we find it unnecessary to consider the first 4 questions.

Question 5, as set forth in the report, is as follows:

"Did the court exceed its power in disallowing plaintiffs' motion on May 19, 1972 which he had previously allowed on May 5, 1972?"

G.L. c. 231, § 598 provides with respect to the entry of judgment as follows:

> "Judgment as aforesaid shall be entered at the expiration of seven days from the order unless the defendant in the meanwhile files a demand for trial."

The order allowing the plaintiffs' motion for judgment was made on May 5, 1972, and if the defendant had the right to demand a trial, it expired on May 12, 1972.

With respect to the defendant's right to demand a trial. See: *Norwood Morris Plan* v. *McCarthy*, 295 Mass. 597, 605.

It is clear that this order for judgment made by the court on May 5, 1972, was made without knowledge that the defendant had filed a sworn affidavit in support of his affidavit of defense on May 3, 1972, and that such order would not have been made if the sworn counter affidavit had been seasonably brought to the attention of the court. This is demonstrated by the action of the court in attempting to revoke and disallow the order on May 19, 1972, seven days after the case had automatically gone to judgment pursuant to the provisions of said § 598. See also G.L. c. 235, §2, D.C. Rule 36 (1965).

It should be pointed out that notices of the

action of the court in allowing plaintiffs' motion for judgment were mailed to the parties on May 5, 1972 and that diligent and timely action on the part of the defendant could have prevented the case from going to judgment on May 12, 1972.

It was within the power of the court to act at any time between the date of the order and May 12 to correct the mistake. *DeLuca* v. *Boston Elevated Railway Co.*, 312 Mass. 495. But when the case went to judgment at the expiration of 7 days from the date of the order, the court thereafter lacked the power to take any further action with respect to the judgment other than the correction or amendment of the record with respect to "mere clerical errors, mistakes in computations and similar blunders", and then only if such correction or amendment is in affirmance of the judgment. See: G.L. c. 231, § 56, as amended. *Higgins* v. *First National Stores, Inc.*, 340 Mass. 618.

The fact that the clerk failed to enter the judgment on the docket is of no consequence. *Higgins* v. *First National Stores, Inc.*, 340 Mass. 618, 620. *Sullivan* v. *Jordan*, 310 Mass. 12, 15. *Hacking* v. *Coordinator of the Emergency Relief Department of New Bedford*, 313 Mass. 413, 420.

It should be noted that the defendant is not without a remedy if he acts promptly and in accordance with the provisions of applicable statutes. See *Zellon* v. *Freedman*, 32 Mass. App. Dec. 38, G.L. c. 250, §15, as amended.

The order of the court dated May 19, 1972 revoking and disallowing the order of May 5, 1972 is vacated.

Judgment for the plaintiff is to be entered as of May 12, 1972.

ROBERT NEEDLEMAN
    for Plaintiff
MICHAEL A. PARIS
    for Defendant