*Northern District*

No. 8379

## ALAN GREENWALD and MEREK RUBIN, d/b/a Greenwald and Rubin v. DANISH HOUSE OF WESTBORO, INC., et al

Argued: Oct. 23, 1975. Decided: Jan. 19, 1976.

Case tried to *DiBuono, J.,* in the First District Court of Southern Middlesex. Number: C18,975.

Present: Flynn, Cimini, and Flaschner, J.J.

Counsel for defendant: Chesley Oriel, Framingham.

**Flaschner, J.** Action by plaintiff in contract against two corporations, both of which were defaulted for failure to answer interrogatories. The day after the notice of entry of judgment was sent by the court, the attorney for the defendants filed a suggestion of bankruptcy which did not identify the bankrupt party. In subsequent proceedings detailed below it was disclosed that the bankrupt party was not the appellee, but the other defendant.

Sixteen months later plaintiff moved for issuance of the execution and the motion was allowed. A week later new counsel for the appellee filed a motion to strike allowance of plaintiff's motion to cause execution to issue. This motion was denied. Appellee then filed two further motions, one to correct the docket and the other to stay and/or supersede the execution. The denial of these latter two motions is the subject of the report before us.

Judgment in this case was entered before the suggestion of bankruptcy was filed. Since the defendant other than the appellant was the bankrupt, it is difficult to perceive any equity in appellant's position. In any event, appellant's exclusive remedy under the procedural law then in effect was a petition to vacate judgment under G.L. c. 250, §15. *Zellon v. Friedman,* 32 Mass. App. Dec. 38, 41 (1965). See *Albert v. Mercury Publishing Co.,* 272 Mass. 43, 45 (1930); *Hackney v. Butler,* 339 Mass. 605, 609 (1959); *Mede v. Colbert,* 342 Mass. 166, 169 (1961).

**Report dismissed.**